UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI Division
CASE NO. 1:19-cv-23592-JLK

JAVIER GARCIA-BENGOCHEA,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

THIS CAUSE is before the Court on Defendant Royal Caribbean's Motion for Judgment on the Pleadings, filed August 4, 2020 (DE 27) (the "Motion"). The Court has also considered Plaintiff's Response in Opposition, filed August 18, 2020 (DE 28), and Royal Caribbean's Reply, filed September 4, 2020 (DE 31).

**I.    PROCEDURAL BACKGROUND**

On August 27, 2019, Plaintiff, a U.S. citizen and resident of Jacksonville, Florida, filed this action against Royal Caribbean Cruises, Ltd. under Title III of the Helms-Burton Act (the "Act"), 22 U.S.C. § 6082(a)(1)(A). In the Complaint, Plaintiff alleges that he owns a claim to commercial waterfront real property in the Port of Santiago in Cuba; that this property was confiscated by the Cuban Government in October 1960; and that Royal Caribbean "trafficked" in the property, in violation of the Act, by using the docks for its commercial cruise line business. *See* Compl. ¶¶ 1, 6–15, DE 1.

On July 29, 2020, Royal Caribbean filed its operative, Amended Answer and Affirmative Defenses.[1] Am. Ans., DE 26. In its Answer, Royal Caribbean alleges that this action is barred under § 6082(a)(4)(B) of the Act because Plaintiff is a United States national who acquired ownership of the claim after March 12, 1996. *See id.* at 4. Royal Caribbean attaches two exhibits to its pleading to show that Plaintiff inherited the claim (if at all) under a will executed in January 2000 by his cousin Desiderio Parreño, a Costa Rican national (*see* Am. Ans., Ex. 1 at 4, 9; DE 26-1), who had previously inherited the claim from Albert Parreño (*see* Am. Ans., Ex. 2 at 3; DE 26-2). Royal Caribbean moves for judgment on the pleadings under Federal Rule of Civil Procedure Rule 12(c), arguing that Plaintiff did not acquire the claim until January 2000 *at the earliest*, and thus after the March 1996 cutoff under the Act. *See generally* Mot.

## II.     UNDISPUTED FACTS

The following facts alleged in the parties' pleadings and the exhibits attached to the pleadings are pertinent to Royal Caribbean's Motion:

- On October 13, 1960, the Cuban Government confiscated the subject property (Compl. ¶¶ 7, 8) and nationalized La Maritima, S.A., the Cuban company that owned and operated the property (*id.*);

- On July 5, 1966, Albert Parreño executed a will leaving to his brother, Desiderio Parreño, "all [] rights to and under property held by me [Albert Parreño] which has been confiscated by the Fidel Castro regime in Cuba, including, but not limited to, my shares in La Maritima S.A. . . . and my interest in real estate located in Cuba" (Am. Ans., Ex. 2 at 3; DE 26-2);

- On March 12, 1996, Congress passed the Cuban Liberty and Democratic Solidarity (LIBERTAD) Act of 1996, commonly referred to as the Helms-Burton Act, which provides that, "[i]n the case of property confiscated before March 12, 1996, a United States national may not bring an action under this section on a claim to the confiscated property *unless such national acquires ownership of the claim before March 12, 1996*," 22 U.S.C. § 6082(a)(4)(B) (emphasis added) (Compl., ¶¶ 1, 6);

---

[1] Royal Caribbean's Amended Answer was filed with leave of Court. *See* DE 25.

- On January 25, 2000, Desiderio Parreño executed a will in Costa Rica, leaving to his cousin, Plaintiff Javier Garcia-Bengochea, "a United States citizen [and] resident of . . . Jacksonville, Florida, . . . whatever assets, property or rights in Cuba that were appropriated by the Communist government of Fidel Castro, but that are the property of the testator and that could someday be recovered, [which] include, . . . three thousand three hundred registered shares of 'La Maritima Sociedad Anónima,' concessions, dock, and warehouses in the port of Santiago de Cuba" (Am. Ans., Ex. 1 at 4, 9; DE 26-1).

The foregoing facts are agreed and undisputed.

### III.   LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate when material facts are not in dispute and judgment can be rendered by looking at the substance of the pleadings and any judicially noticed facts." *Bankers Ins. Co. v. Fla. Residential Prop. and Cas. Joint Underwriting Ass'n*, 137 F.3d 1293, 1295 (11th Cir. 1998). "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). "In determining whether a party is entitled to judgment on the pleadings, [the court must] accept as true all material facts alleged in the non-moving party's pleading, and [] view those facts in the light most favorable to the non-moving party." *Id.*

### IV.   DISCUSSION

As a preliminary matter, the Court observes that the above-styled action is nearly identical to a separate lawsuit brought by the same Plaintiff (Dr. Garcia-Bengochea) against Carnival Corporation. *See Garcia-Bengochea v. Carnival Corp.*, Case No. 19-cv-21725-KING (S.D. Fla.) (the "Carnival case"). In that case, Plaintiff sued Carnival under Title III of the Helms-Burton Act, alleging that Carnival "trafficked" in Plaintiff's waterfront real property. Carnival moved for judgment on the pleadings, arguing that Plaintiff acquired his claim to the subject property too late

to bring an action under Title III. The Court analyzed the statutory text and legislative history of the Helms-Burton Act and held that Plaintiff's action was barred under § 6082(a)(4)(B) because he acquired his claim to the confiscated property after March 12, 1996, the deadline prescribed in the statute. The rationale for the Court's conclusion is more thoroughly discussed at *Garcia-Bengochea v. Carnival Corporation*, Case No. 19-cv-21725-KING, 2020 WL 4590825 (S.D. Fla. July 9, 2020).[2]

Here, too, Royal Caribbean moves for judgment on the pleadings based on the date of Plaintiff's acquisition of the claim. Just like in the Carnival case, Royal Caribbean attaches two exhibits to its Answer, both of which make clear that Plaintiff inherited his claim to the subject property under a will executed in January 2000. *See* DE 26-1 and DE 26-2. Royal Caribbean thus contends that this action is barred under § 6082(a)(4)(B) because Plaintiff inherited his claim after the claims acquisition deadline. Mot. at 3–5. The Court agrees.

In opposing Royal Caribbean's Motion, Plaintiff contends that § 6082(a)(4)(B) does not apply to claims acquired by operation of law (e.g., inheritance), but the Court has already considered and rejected this argument in the Carnival case. *Garcia-Bengochea*, 2020 WL 4590825, at *4 ("After careful consideration, the Court finds that § 6082(a)(4)(B) bars this action. As an initial matter, this is supported by the plain meaning of the term 'acquire,' which the Court finds to be broad enough to cover the inheritance at issue in this case."). Plaintiff has provided no compelling reason why the Court should depart from its prior opinion on the exact same issue. The Court so finds, after careful consideration, that this action is barred under § 6082(a)(4)(B) of the

---

[2] This decision is currently on appeal before the United States Court of Appeals for the Eleventh Circuit. For this reason, Plaintiff has asked the Court to stay its decision in the instant case until the appellate court has issued its decision in the Carnival case, but the Court declines to do so. Plaintiff has not filed a separate motion to stay, instead requesting such relief within its brief opposing Royal Caribbean's Motion. *See* Pl.'s Resp. at 28.

Helms-Burton Act, and judgment in Royal Caribbean's favor is appropriate because the material facts are undisputed and judgment can be rendered based on the substance of the pleadings and the exhibits thereto.

Accordingly, it is **ORDERED, ADJUDGED, AND DECREED** that Royal Caribbean Ltd.'s Motion for Judgment on the Pleadings **(DE 27)** be, and the same is, hereby **GRANTED**. All other pending motions are hereby **DENIED as moot**. Final judgment will be entered in a separate document pursuant to Federal Rule of Civil Procedure 58(a).

DONE AND ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 15th day of October, 2020.

```
                                    _____
                                    JAMES LAWRENCE KING
                                    UNITED STATES DISTRICT JUDGE
```

cc:  All Counsel of Record